UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-04296-JLS (SHK) | Date: | November 21, 2017 |
| Title: | *Matthew Thompson v. William Muniz, Warden* | | |

| | |
|---|---|
| Present: The Honorable | SHASHI H. KEWALRAMANI, UNITED STATES MAGISTRATE JUDGE |

| D. CASTELLANOS | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed Due to Failure to Exhaust

## I. INTRODUCTION

On June 9, 2017, Petitioner Matthew Thompson ("Mr. Thompson") constructively filed[1] a Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2254 (the "Petition"). For the reasons set forth below, the Court finds the Court may be required to dismiss the Petition because Mr. Thompson has not exhausted his state court remedies. This is because it does not appear that he appealed his denials of state habeas relief from the California Court of Appeal to the California Supreme Court. The Court will not make a final determination regarding whether the Petition should be dismissed, however, without giving Mr. Thompson an opportunity to address these issues and to show whether he has appealed his writs of habeas corpus from the California Court of Appeal to the California Supreme Court.

## II. BACKGROUND

In his Petition, Mr. Thompson challenges his conviction of second degree murder, two counts of attempted murder, one count of shooting at an occupied building, and a gang sentence

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

enhancement under California Penal Code section 186.22. Electronic Case Filing Number ("ECF No.") 1 at 10, 12. Mr. Thompson was sentenced to 140-years to life, however, on September 3, 2015, the California Court of Appeals affirmed the convictions but ordered that Mr. Thompson be resentenced to ninety-four years-to-life. Id. at 12.

Mr. Thompson raises five grounds for relief in his Petition. Id. at 7-11. First, he argues that the denial of his severance motion was reversible error "amounting to a denial of due process." Id. at 7. Second, he appears to argue that the trial court erred in permitting hearsay testimony during his trial. Id. at 8. Third, he argues that the trial court erred in not granting his request for a new trial. Id. at 9. Fourth, in light of recent California case law, he argues that there was insufficient evidence to apply the sentencing enhancement under California Penal Code section 186.22. Id. at 10. Finally, he argues that the trial court committed instructional error when it instructed the jury under the natural and probable consequences theory of aiding and abetting for first degree murder when the alleged first degree murder was not reasonably foreseeable. Id. at 11.

Mr. Thompson claims that he raised the same issues presented here as in his petition for habeas corpus to the California Superior Court. Id. at 6. On February 2, 2017, the California Superior Court denied his petition for habeas corpus because he failed to "establish entitlement to relief by a preponderance of the evidence" and because the trial court correctly applied the gang sentence enhancement "based on the facts recited in the appellate opinion, [that Mr. Thompson] self-identified" as a gang member. Id. at 12-13. On March 6, 2017, Mr. Thompson filed a petition for habeas corpus in the California Court of Appeals, which was denied on March 15, 2017 (Court of Appeal Case No. B281088). Id. at 38. According to the California Court of Appeal's website, Mr. Thompson filed a petition for habeas corpus in the California Court of Appeals on June 5, 2017 (Court of Appeal Case No. B282919), which was denied on June 12, 2017.[2]

### III. THE PETITION IS UNEXHAUSTED AND SUBJECT TO DISMISSAL

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

---

[2] The Court takes judicial notice of the California Court's docket, pertaining to Mr. Thompson. See Fed. R. Evid. 201 (providing that a court may take judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); Harris v. Cnty. of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of federal and state court records).

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his claims in a petition to the California Supreme Court. <u>Gatlin v. Madding</u>, 189 F.3d 882, 888 (9th Cir. 1999) (applying <u>O'Sullivan</u> to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." <u>Id.</u> at 888.

Here, there is no indication that Mr. Thompson petitioned the California Supreme Court. Accordingly, at this time, Mr. Thompson's Petition appears to be unexhausted and subject to dismissal.

### IV.    ORDER

Mr. Thompson is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed for failure to exhaust state remedies by filing a written response **no later than December 21, 2017.** Mr. Thompson must respond to this Order pursuant to one of the options listed below.

**Option 1: Mr. Thompson May Explain The Petition Is Exhausted:** If Mr. Thompson contends he has, in fact, exhausted his state court remedies on the grounds raised in his Petition, he should clearly explain this in a written response to this Order to Show Cause. Mr. Thompson should attach to his response copies of any documents establishing that grounds one through five are indeed exhausted and have been raised with the California Supreme Court.

**Option 2: Mr. Thompson May Request A <u>Rhines</u> Stay:** Under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the District Court has discretion to stay a petition to allow Mr. Thompson time to present his unexhausted claims to state courts, including the California Supreme Court. <u>Id.</u> at 276; <u>Mena v. Long</u>, No. 14-55102, (9th Cir. Feb. 17, 2016) (holding the <u>Rhines</u> stay-and-abeyance procedure applies to both mixed and fully unexhausted habeas petitions). This stay and abeyance procedure is called a "<u>Rhines</u> stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. <u>Rhines</u>, 544 U.S. at 277-78.

Mr. Thompson may file a motion for a <u>Rhines</u> stay and support his request by showing: (1) there is "good cause" for the failure to exhaust; (2) the grounds raised are not "plainly meritless"; and (3) Mr. Thompson did not intentionally engage in dilatory litigation tactics. <u>See id</u>. Mr. Thompson should include any evidence supporting his request for a <u>Rhines</u> stay.

**Option 3: Mr. Thompson May Voluntarily Dismiss Action Without Prejudice:** Mr. Thompson may request a voluntary dismissal of this action without prejudice under Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Mr. Thompson's convenience. The Court advises Mr. Thompson, however, that if he should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1). 28 U.S.C. § 2244(d)(1) ("A 1-year

period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**Caution:** Mr. Thompson is cautioned that if he requests a stay, under Option 2, and the Court denies the request for a stay, or if Mr. Thompson contends that he has in fact exhausted his state court remedies on all grounds, under Option 1, and the Court disagrees, the Court will dismiss the Petition for failure to exhaust state remedies. **Accordingly, Mr. Thompson may select options in the alternative, which means that he can ask for Option 1, but if that is not met, Option 2.**

**The Court expressly warns Mr. Thompson that failure to timely file a response to this Order will result in the Court dismissing this action with prejudice for his failure to comply with court orders and failure to prosecute. Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Mr. Thompson at his current address of record.

**IT IS SO ORDERED.**